[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case presents an unusual if not unique story. The plaintiff, though initially indicating that she was operating a motor vehicle which had been in a one car accident, subsequently recanted such admission. The plaintiff was arrested for interfering with an officer, § 53a-167, for the false admission of operation. The party, Jason Dellaselva, who apparently was the operator of the vehicle which crashed, was in fact prosecuted for such operation (See Court Exhibit 1).
Interesting legal issues may be presented where the state is prosecuting Ms. St. Hilaire for falsely reporting the operation, and also suspending her motor vehicle operators license for such operation. However, the decision does not sufficiently specify the basis of the operation for which the suspension is based.
The DMV decision includes the following: "Subordinate Finding of Fact. Ms. St. Hilaire admitted to operation of her motor vehicle to the investigating police officer. When the police officer arrived at the scene Ms. St. Hilaire was behind the wheel of said vehicle, keys in the ignition and was attempting to move it. The collision occurred at 1:00 a.m. with chemical testing being initiated at 2:02 a.m."
It is not clear to the Court whether the plaintiffs operation CT Page 5167 was the operation of the vehicle which preceded its collision, the post collision operation in attempting to move the vehicle, or both.
One of the four factors necessary for the Court to address in a § 14-227b appeal is whether the plaintiff was operating the vehicle. See § 14-227b(f)(4).
This appeal is taken pursuant to the Uniform Administrative Procedures Act ("UAPA" § 4-166 et seq.) Section 4-179 of the UAPA requires a final decision to contain a finding of fact on each issue of fact necessary for the decision.
The Court sustains the appeal and remands the case for further proceedings. The DMV on further review of the Record[1]
should issue a decision indicating whether the plaintiff's operation was preceding or at the time of the collision; subsequent to the collision, by attempting to move the vehicle after its collision; or occurred on both occasions.
The appeal is sustained. The matter is remanded to the DMV for proceedings in accordance with this decision. The hearing officer should also consider any new evidence relating to the prosecutions which followed the police investigations. If such proceedings result in a decision unfavorable to the plaintiff, a new appeal should be initiated from such decision.
Robert F. McWeeny, J.